# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

Jamaro J. Ritchie

      v.                                                                          Case No. 24-cv-16-JL-TSM

Warden, F.C.I. Berlin


# REPORT AND RECOMMENDATION


Jamaro J. Ritchie, proceeding pro se, who is an inmate at the Federal Correctional Institution in Berlin, New Hampshire, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 after receiving notice that a final order of removal had been entered against him. Ritchie challenges the validity of the final order of removal that he alleges is being used to deprive him of credit under the First Step Act ("FSA").[1] The Warden moves to dismiss the petition, or in the alternative for summary judgment. Ritchie filed a response to the motion, in which he continues to challenge the validity of the final order of removal, argues that administrative exhaustion would be futile, and raises a new claim that he is entitled to release to home confinement under the Second Chance Act.[2]

---

[1] Under the FSA, an eligible prisoner, "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits." 18 U.S.C. § 3632(d)(4); Schmitt v. Bowers, 23-cv-13203-ADB, 2024 WL 1540814, at *2 (D. Mass. Apr. 9, 2024).

[2] The Second Chance Act and the CARES Act, as provided in 18 U.S.C. §§ 3642(c), authorize the Bureau of Prisons to permit prisoners to serve part of their term of imprisonment in home confinement or a residential reentry center. See Diaz-lozano v. B.M. Trate, Case No. 22-014039JLT, 2022 WL 17417716, at *1 (E.D. Cal. Dec. 5, 2022); Winegar v. Boncher, Case No. 22-11632-FDS, 2022 WL 17404897, at *2 (D. Mass. Dec. 2, 2022).

For the reasons that follow, the district judge should dismiss that part of the petition in which Ritchie challenges the validity of the final order of removal and dismiss the new claim under § 3642(c) for lack of jurisdiction and grant the Warden's motion for summary judgment with respect to the remainder of the petition.

## Standard

Although the Warden titled the motion in the alternative as a motion to dismiss and for summary judgment, in the supporting memorandum, the Warden addresses only the standard for a motion for summary judgment, provides supporting evidence, and appears to proceed under Federal Rule of Civil Procedure 56(a). For that reason, the court will deem the motion to seek summary judgment.

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Gattineri v. Wynn MA, LLC, 93 F.4th 505, 509 (1st Cir. 2024) (quoting Fed. R. Civ. P. 56(a)). A genuine factual dispute exists if "the evidence is such that a reasonable jury could resolve the point in the favor of the non-moving party," and a material fact is one "that has the potential of affecting the outcome of the case." Hamdallah v. CPC Carolina PR, LLC, 91 F.4th 1, 16 (1st Cir. 2024) (internal quotation marks omitted). In making that determination, the court draws all reasonable inferences in favor of the nonmoving party from the properly supported facts in the record. Lech v. von Goeler, 92 F.4th 56, 64 (1st Cir. 2024). Based on that view of the record, the court must determine whether the moving party has shown that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

## Background

Ritchie pleaded guilty to two counts of possession of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) in the United States District Court for

the Middle District of Florida. <u>United States v. Ritchie</u>, 07-cr-340-PAL-AAS (M.D. Fla. May 9, 2008). He was originally sentenced to consecutive sentences of 66 months and 300 months. His 300-month sentence was subsequently reduced, and his consecutive sentences were aggregated into one term of imprisonment for 240 months to be followed by 60 months of supervised release.

In his petition, Ritchie alleges that on May 17, 2010, he received an immigration detainer Notice of Action that an investigation had been initiated to determine whether he was subject to removal. He alleges that there were no immigration proceedings after receiving that detainer. On December 23, 2023, Ritchie received an immigration detainer Notice of Action from the Department of Homeland Security, which stated that probable cause existed that Ritchie was a removable alien based on a final order of removal against him. He filed the petition to initiate this action on January 16, 2024.

Discussion

Ritchie alleges in his petition that the Notice of Action issued in December of 2023, citing the final order of removal against him, was "apparently ginned up to block the award of (FSA) First Step Act credit and release from prison." Doc. no. 1, at 1. He further alleges that the referenced final order of removal is invalid because it was issued without the required process and procedures. The Warden moves for summary judgment on the grounds that Ritchie did not exhaust administrative remedies for relief under § 2241, that Ritchie is subject to a valid final order of removal that bars FSA credits, and that he is otherwise ineligible to receive FSA credits because he was convicted of violating 18 U.S.C. § 924(c). In his response to the Warden's motion for summary judgment, Ritchie raises a new issue or claim, not alleged in the petition, that his program

3

review shows that he is eligible for placement under the Second Chance Act.[3]  Because Ritchie's challenge to the validity of the removal order raises a jurisdictional issue, the court first addresses that claim.[4]

### A. Final Order of Removal

An inmate who is subject to a final order of removal is not eligible to earn FSA time credits. 18 U.S.C. § 3632(d)(4)(E)(i). In his petition, Ritchie challenges the validity of the final order of removal that is cited in the Notice of Action received on December 23, 2023. The Warden argues in his motion for summary judgment that the final order of removal is valid and bars Ritchie's eligibility for FSA credits.

This court lacks jurisdiction to consider Ritchie's challenge to the validity of the final order of removal through his § 2241 petition. 8 U.S.C. § 1252(a)(5); see also Nasrallah v. Barr, 590 U.S. 573, 580 (2020); Ishak v. Gonzales, 422 F.3d 22, 28-29 (1st Cir. 2005) (explaining that district courts have no habeas jurisdiction over final orders of removal).  For that reason, the district judge should not address or decide the validity of the final order of removal that is cited in the December 23, 2023-detainer.

### B. Release to Home Confinement

As noted above, Ritchie raises a new claim in his response to the motion for summary judgment that was not alleged in his petition. While it is possible to treat a new claim raised for

---

[3] Ritchie also alleges that the BOP took away five months of his "good time" in 2017, which moved his release date, but that issue, if Ritchie intended to raise another claim, is not sufficiently developed to allow review.

[4] Although the Warden did not address the jurisdictional issue, the court must resolve questions of subject matter jurisdiction sua sponte, when necessary.  Fed. R. Civ. P. 12(h)(3); Amyndas Pharms., S.A. v. Zealand Pharma A/S, 48 F.4th 18, 27 (1st Cir. 2022).

the first time in an objection to summary judgment as a motion to amend, that procedure, it is not

necessary here because the claim cannot be adjudicated through a § 2241 petition. See Kunelius v.

Town of Stow, 588 F.3d 1, 19 (1st Cir. 2009).

Section 3624(c)(2) authorizes the Bureau of Prisons ("BOP") to place a prisoner in home

confinement for a portion of the sentence imposed. That decision, however, "lies within the sole

discretion of the BOP, and is not reviewable by [the U.S. District] Court.'" Abdel-Rahman v.

Warden, FCI Berlin, Case No. 22-CV-333-SM, 2023 WL 4868529, at *1 (D.N.H. July 6, 2023),

report and recommendation approved sub nom. Abdel-Rahman v. FCI Berlin, No. 22-CV-333-

SM, 2023 WL 4866361 (D.N.H. July 30, 2023) (quoting Peters v. Boncher, Case No. 22-11503-

JGD, 2023 U.S. Dist. LEXIS 12526 at *8, 2023 WL 387612, at *4 (D. Mass. Jan. 25, 2023)

(collecting cases)); see also United States v. Orton, Case No. 12-117-JAW, 2023 WL 8812557, at

*3 (D. Me. Dec. 20, 2023). Therefore, the court lacks authority to consider Ritichie's claim under

§ 3624(c).

    C.  FSA Credit

The Warden argues that even if the final order of removal were invalid, Ritchie cannot

succeed on the § 2241 petition because he failed to exhaust administrative remedies and because

he is not eligible to earn or receive FSA time credits due to his convictions under § 924(c). The

court agrees with the Warden on both arguments.

    1. Administrative exhaustion

Federal common law imposes a requirement that § 2241 petitioners exhaust administrative

remedies. Rogers v. United States, 180 F.3d 349, 358 (1st Cir. 1999); Yancey v. Warden, FMC

Devens, 22-cv-11790-DLC, --- F. Supp. 3d ---, 2024 WL 100932, at *5 (D. Mass. Jan. 9, 2024).

Exhaustion requires the petitioner to fully comply with the BOP's administrative process for relief,

provided in 28 C.F.R. § 542.10, et seq., before filing a § 2241 petition.  Id. While exceptions to the exhaustion requirement are recognized, the petitioner bears the burden of showing that an exception applies. Calderon Hernandez v. Warden FMC Devens, No. 23-113330-MPK, 2023 WL 5939634, at *4 (D. Mass. Sept. 12, 2023).

Ritchie contends that administrative remedies are futile in his case because he is challenging the BOP's official policy to deny FSA credit to prisoners who are subject to a final order of removal and because he previously found, in a different situation, that the administrative process did not work.[5] Generally, exhaustion is not excused when a prisoner challenges the Warden's determination that the prisoner is not eligible for FSA credits due to a final order of removal. See Duyzings v. Warden, FCI Fort Dix, Case No. 23-21574 (RMB), 2024 WL 1406647, at *2 (D.N.J. Apr. 2, 2024); Mirafuentes-Valdez v. FCI Elkton, Case No. 23-cv-1289, 2024 WL 872283, at *3 (N.D. Ohio Jan. 29, 2024).  In particular, exhaustion is not excused when, as here, the prisoner has not even begun or attempted to begin the administrative process. Vega v. Doerer, Case No. 23-09432-CAS, 2024 WL 1349315, at *3 (C.D. Cal. Feb. 14, 2024); Calderon Hernandez v. Warden FMC Devens, Case No. 23-11330-MPK, 2023 WL 5939634, at *5 (D. Mass. Sept. 12, 2023).  Further, the prior situation that Ritchie cites to show futility involved a dispute with his case manager, which is not the issue presented here.

Ritchie has not shown that administrative exhaustion would be futile in this instance.  Even if he made the necessary showing, however, his petition would still be denied because he is ineligible for FSA time credits.

---

[5] Ritchie also mentions irreparable injury, but he does not identify what injury he would suffer if he were required to complete administrative exhaustion.

   2. <u>Ineligible for FSA time credits</u>

   The Warden also argues that Ritchie is ineligible for FSA time credits because he was convicted of violating § 924(c)(1)(A).  The FSA provides that "[a] prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime."  18 U.S.C. § 3632(d)(4)(D).  Ritchie pleaded guilty to and was convicted of two counts of possession of a firearm during and in relation to a crime of violence in violation of § 924(c)(1)(A), which makes him ineligible for FSA time credits.  <u>See</u> <u>Byrd v. Warden</u>, 23-cv-154-LM, 2023 WL 2898936, at *3 (D.N.H. Feb. 28, 2023).  Accordingly, the district judge should grant summary judgment in favor of the Warden on this additional basis.

Conclusion

   Based on the foregoing, the district judge should dismiss for lack of jurisdiction that part of Ritchie's petition (doc. no. 1) that challenges the validity of the final order of removal.  The district judge should also dismiss the claim based on § 3642(c), which Ritchie raised in his objection to the Warden's motion for summary judgment, due to lack of jurisdiction.  The district judge should grant the Warden's motion for summary judgment (doc. no. 4) on the remainder of the petition.

   Any objections to this Report and Recommendation must be filed within twenty-one days of receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  The twenty-one-day period may be extended upon motion.  Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court.  <u>See</u> <u>Sch. Union No. 37 v. United Natl Ins. Co.</u>, 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on

appeal.  <u>See</u> <u>id.</u>  Failure to file any objections within the specified time waives the right to appeal the district court's order.  <u>See</u> <u>Santos-Santos v. Torres-Centeno</u>, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Talesha L. Saint-Marc
United States Magistrate Judge

April 24, 2024

cc:    Jamaro J. Ritchie, pro se
       Michael T. McCormack, AUSA